GREMILLION, J.,
dissents for the following reasons:
hi respectfully disagree with the majority. This is a claim for bad faith. Yet the trial court and the majority take the position that the plaintiff can survive summary judgment without providing any evidence of bad faith. I see repeatedly the conclusion that no such evidence is necessary. Rather, all the plaintiff must do is argue that he might not be completely at fault and he can subject the UM insurer to a trial, not only as to liability and damages, but also as to bad faith. Moreover, not only is a liability dispute insufficient to demonstrate good faith on the part of the insurer, but indeed, no other evidence of bad faith is required to preclude summary judgment on a bad-faith claim. According to my colleagues, evidence that the insurer might be liable substitutes seamlessly for evidence of bad faith sufficient to deny summary judgment. I disagree.
Case in point would be the trial court’s oral reasons cited by the majority. Iti does not so much as mention the words'“bad faith” or “arbitrary and capricious.” It certainly points to no evidence of bad faith in the record that would or could preclude *1236 summary judgment. Rather, the trial court based its ruling as to bad faith on the issues of fault, fault allocation, and evaluation of damages.
| gIs a finding of genuine issues as' to liability, without more, the same as; a finding of genuine, issues as to bad faith? Is evidence suggesting the defendant may be assessed some comparative fault, without more, equivalent to evidence suggesting arbitrary and capricious claim handling? Does the possibility that the trial court may have to evaluate damages tomorrow, without more, automatically establish the possibility that the UM insurer was unfair, lacking in good faith, and/or vexatious yesterday?- If. the answer to any of these questions is yes, then I stand corrected and summary judgment should be denied. That would also mean that a UM insurer may never choose to defend itself without being subject to a bad-faith claim regardless of the-results of its investigation.
However, I do not find that is the state of the law. Rather, to- survive summary judgment, the plaintiff must provide some evidence, not merely that he might prevail in whole or in part at some possible future trial, but that there is “no substantial, reasonable, and legitimate questions as to the extent of the insurer’s liability.”
Even the most cursory reading of the record establishes that there are substantial, reasonable, and legitimate questions which, as a matter of law, preclude a finding of bad faith. With regard to liability, there is. evidence that the plaintiff, was speeding. He admitted to traversing a road governed by a 45 mile per hour speed limit at 65 miles per hour. Multiple witnesses confirmed he was driving excessively fast. The investigating officer also found that to be true, and issued the plaintiff a citation accordingly. Finally, two experts conducted calculations based on evidence collected at the scene. One concluded that he was going at least 65 miles per hour, and the other concluded that he was going'78 miles per hour. This alone establishes substantial, reasonable, and legitimate • questions of liability that preclude a future finding of bad faith.
lain addition, the record reveals that the investigating officer, a 17-year veteran trooper, determined that the cause of the accident was not only the plaintiffs speeding but also his inattentiveness. Further, there is abundant evidence in the record indicating'that this was actually a one-vehicle accident, with the plaintiffs motorcycle not even touching the defendant vehicle. Moreover, multiple witnesses and the ' investigating officer concluded that, despite the plaintiff approaching at 25 to 38 miles over the speed limit, the other driver was still able to avoid the collision. In fact, the only evidence to the contrary is the plaintiffs testimony that he “thinks” he “nicked” the other vehicle.
Leaving liability and turning to damages, there is evidence that the plaintiff has already received $25,000 for a minor injury. The UM insurer’s investigation revealed medical records showing the plaintiff began reporting he was pain-free from about three months post-accident.
The significant evidence put on by the defendant overwhelmingly establishes that there are “substantial, reasonable, and legitimate questions” regarding its liability, and the claims-handler had “probable cause” for its actions. Thus, in order to defeat this summary judgment motion, the plaintiff must have presented evidence that the UM insurer denied the claim not because of legitimate questions and probable cause, but rather merely to be “vexatious” and therefore, “unjustified”.
It is true that the record also contains other evidence that contradicts the significant evidence I have pointed out. And, it is *1237 certainly true that the fact-finder could find the countervailing evidence to be more credible. According to the majority’s logic, if that occurs, then defendant should have predicted that result and based its handling of the claim on that prediction rather than on the results of the investigation it was duty-bound to undertake. This absurd result is not the law.
|4The insurer cannot become retroactively unreasonable if the fact-finder later decides against it. Logic and fundamental fairness operate against such a result. That is why the supreme court instructs that the plaintiff must be able to present “facts” that “negate probable cause for nonpayment.” Louisiana Bag Co., Inc. v. Audubon Indent. Co., 08-453, p.14 (La. 12/2/08), 999 So.2d 1104, 1114. These are not to be facts as they are determined by the judge or jury at the time of trial as supposed by the trial court and the majority. Rather, they are to be “facts known to the insurer at the time of its action.” Guillory v. Lee, 09-95, p. 31-82 (La. 6/26/09), 16 So.3d 1104, 1127, citing Louisiana Bag Co., 999 So.2d at 1115.
If there is a genuine issue of material fact as to bad faith now, then I simply cannot imagine a set of circumstances where there would be no such issue. In other words, if this UM insurer must face trial on this bad-faith claim, then when would a UM insurer ever be allowed to defend itself without having to face a bad-faith claim? I would grant the summary judgment.